NO FEE DUE
GOV'T CODE § 6103

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.G.R. a minor, by and through her Guardian Ad Litem, ELMER E. WHITE, II, and KATHY WHITE, individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, RYAN CONNER, PAUL KOWALSKI, and DOES 1-1 0, inclusive,<br><br>        Defendants. | CASE NO. 5:16-CV-01812-RGK-KK<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

## 1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

1  under the applicable legal principles.  The parties further acknowledge, as set forth
2  in Section 13.3, below, that this Stipulated Protective Order does not entitle them to
3  file confidential information under seal; Civil Local Rule 79-5 sets forth the
4  procedures that must be followed and the standards that will be applied when a party
5  seeks permission from the court to file material under seal.

6  ## 2.   **GOOD CAUSE STATEMENT**

7         This action will involve law enforcement tactics, procedures, training,
8  regulations, personnel, investigations and rules for which special protection from
9  public disclosure and from use for any purpose other than prosecution of this action
10 is warranted. Such confidential and proprietary materials and information consist of,
11 among other things, certain documents maintained by the San Bernardino County
12 Sheriff's Department ("SBCSD") and/or the San Bernardino County District
13 Attorney ("SBCDA"), which include internal policies and procedures, internal
14 training materials, internal affairs investigation files, criminal investigation files,
15 personnel files of current and/or former SBCSD officers, and other documents and
16 information which implicate the privacy rights of parties and non-parties, which
17 information is generally unavailable to the public and which is privileged or
18 otherwise protected from disclosure under state and federal statutes, court rules, case
19 decisions, or common law. Accordingly, to expedite the flow of information, to
20 facilitate the prompt resolution of disputes over confidentiality of discovery
21 materials, to adequately protect information the parties are entitled to keep
22 confidential, to ensure that the parties are permitted reasonable necessary uses of
23 such material in preparation for and in the conduct of trial, to address their handling
24 at the end of the litigation, and serve the ends of justice, a protective order for such
25 information is justified in this matter. It is the intent of the parties that information
26 will not be designated as confidential for tactical reasons and that nothing be so
27 designated without a good faith belief that it has been maintained in a confidential,
28 non-public manner, and there is good cause why it should not be part of the public

1  record in this case.

2  **3.   DEFINITIONS**

3       3.1   <u>Action</u>: this pending lawsuit filed by D.G.R. a minor, by and

4  through her Guardian Ad Litem, ELMER E. WHITE, II, and KATHY WHITE,

5  against the County of San Bernardino, Ryan Conner, Paul Kowalski, and Does 1-10,

6  USDC Case no. 5:16-CV-01812-RGK-KK.

7       3.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the

8  designation of information or items under this Order.

9       3.3   <u>"CONFIDENTIAL" Information or Items</u>:  information

10 (regardless of how it is generated, stored or maintained) or tangible things that

11 qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified

12 above in the Good Cause Statement.

13      3.4   <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well

14 as their support staff).

15      3.5   <u>Designating Party</u>:  a Party or Non-Party that designates

16 information or items that it produces in disclosures or in responses to discovery as

17 "CONFIDENTIAL."

18      3.6   <u>Disclosure or Discovery Material</u>:  all items or information,

19 regardless of the medium or manner in which it is generated, stored, or maintained

20 (including, among other things, testimony, transcripts, and tangible things), that are

21 produced or generated in disclosures or responses to discovery in this Action.

22      3.7   <u>Expert</u>:  a person with specialized knowledge or experience in a

23 matter pertinent to the litigation who has been retained by a Party or its counsel to

24 serve as an expert witness or as a consultant in this Action.

25      3.8   <u>House Counsel</u>:  attorneys who are employees of a Party to this

26 Action. House Counsel does not include Outside Counsel of Record or any other

27 outside counsel.

28      3.9   <u>Non-Party</u>:   any natural person, partnership, corporation,

1  association, or other legal entity not named as a Party to this action.

2       3.10   Outside Counsel of Record:  attorneys who are not employees of
3  a Party to this Action but are retained to represent or advise a Party to this Action
4  and have appeared in this Action on behalf of that Party or are affiliated with a law
5  firm which has appeared on behalf of that Party.

6       3.11   Party:   any party to this Action, including all of its officers,
7  directors, employees, consultants, retained experts, and Outside Counsel of Record
8  (and their support staffs).

9       3.12   Producing Party:  a Party or Non-Party that produces Disclosure
10  or Discovery Material in this Action.

11       3.13   Professional Vendors:  persons or entities that provide litigation
12  support services (e.g., photocopying, videotaping, translating, preparing exhibits or
13  demonstrations, and organizing, storing, or retrieving data in any form or medium)
14  and their employees and subcontractors.

15       3.14   Protected Material:  any Disclosure or Discovery Material that is
16  designated as "CONFIDENTIAL."

17       3.15   Receiving Party:  a Party that receives Disclosure or Discovery
18  Material from a Producing Party.

19  **4.     SCOPE**

20       The protections conferred by this Stipulation and Order cover not only
21  Protected Material (as defined above), but also (1) any information copied or
22  extracted from Protected Material; (2) all copies, excerpts, summaries, or
23  compilations of Protected Material; and (3) any testimony, conversations, or
24  presentations by Parties or their Counsel that might reveal Protected Material.
25  However, the protections conferred by this Stipulation and Order do not cover the
26  following information: (a) any information that is in the public domain at the time of
27  disclosure to a Receiving Party or becomes part of the public domain after its
28  disclosure to a Receiving Party as a result of publication not involving a violation of

1  this Order, including becoming part of the public record through trial or otherwise;
2  and (b) any information known to the Receiving Party prior to the disclosure or
3  obtained by the Receiving Party after the disclosure from a source who obtained the
4  information lawfully and under no obligation of confidentiality to the Designating
5  Party.

6        Any use of Protected Material at trial shall be governed by the orders of the
7  trial judge. This Order does not govern the use of Protected Material at trial.

8        **5.**   **<u>DURATION</u>**

9        Once a case proceeds to trial, all of the court-filed information that is to be
10  introduced that was previously designated as confidential or maintained pursuant to
11  this protective Order becomes public and will be presumptively available to all
12  members of the public, including the press, unless compelling reasons supported by
13  specific factual findings to proceed otherwise are made to the trial judge in advance
14  of the trial. *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180-81 (9th
15  Cir. 2006) [distinguishing "good cause" showing for sealing documents produced in
16  discovery from "compelling reasons" standard when merits-related documents are
17  part of court record]. Accordingly, the terms of this protective order do not extend
18  beyond the commencement of the trial.

19        **6.**   **<u>DESIGNATING PROTECTED MATERIAL</u>**

20        6.1   <u>Exercise of Restraint and Care in Designating Material for</u>
21  <u>Protection</u>. Each Party or Non-Party that designates information or items for
22  protection under this Order must take reasonable care to limit any such designation
23  to specific material that qualifies under the appropriate standards. The Designating
24  Party must designate for protection only those parts of material, documents, items,
25  or oral or written communications that qualify so that other portions of the material,
26  documents, items, or communications for which protection is not warranted are not
27  swept unjustifiably within the ambit of this Order.

28        Mass, indiscriminate, or routinized designations are prohibited. Designations

1   that are shown to be clearly unjustified or that have been made for an improper

2   purpose (e.g., to unnecessarily encumber the case development process or to impose

3   unnecessary expenses and burdens on other Parties) may expose the Designating

4   Party to sanctions.

5         If it comes to a Designating Party's attention that information or items that it

6   designated for protection do not qualify for protection, that Designating party must

7   promptly notify all other Parties that it is withdrawing the inapplicable designation.

8         6.2   <u>Manner and Timing of Designations</u>.   Except as otherwise

9   provided in this Order (see, e.g., second paragraph of section 6.2(a) below), or as

10   otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

11   protection under this Order must be clearly so designated before the material is

12   disclosed or produced.

13         Designation in conformity with this Order requires:

14         (a)   for information in documentary form (e.g., paper or

15   electronic documents, but excluding transcripts of depositions or other pretrial or

16   trial proceedings), that the Producing Party affix, at a minimum, the legend

17   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that

18   contains protected material. If only a portion or portions of the material on a page

19   qualifies for protection, the Producing Party also must clearly identify the protected

20   portion(s) (e.g., by making appropriate markings in the margins).

21         A Party or Non-Party that makes original documents or materials available for

22   inspection need not designate them for protection until after the inspecting Party has

23   indicated which documents or materials it would like copied and produced. During

24   the inspection and before the designation, all of the material made available for

25   inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

26   identified the documents or materials it wants copied and produced, the Producing

27   Party must determine which documents, or portions thereof, qualify for protection

28   under this Order. Then, before producing the specified documents, the Producing

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  Party must affix the "CONFIDENTIAL legend" to each page that contains Protected
2  Material. If only a portion or portions of the material on a page qualifies for
3  protection, the Producing party also must clearly identify the protected portion(s)
4  (e.g., by making appropriate markings in the margins).

5  (b)  for testimony given in depositions or in other pretrial
6  proceedings, that the Designating Party identify the Disclosure or Discovery
7  Material on the record, before the close of the deposition, hearing, or other
8  proceeding.

9  (c)  for information produced in some form other than
10  documentary and for any other tangible items, that the Producing Party affix in a
11  prominent place on the exterior of the container or containers in which the
12  information or item is stored the "CONFIDENTIAL legend." If only a portion or
13  portions of the information warrants protection, the Producing Party, to the extent
14  practicable, shall identify the protected portion(s).

15  6.3  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an
16  inadvertent failure to designate qualified information or items does not, standing
17  alone, waive the Designating Party's right to secure protection under this Order for
18  such material. Upon timely correction of a designation, the Receiving Party must
19  make reasonable efforts to assure that the material is treated in accordance with the
20  provisions of this Order.

21  **7.  CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

22  7.1  <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a
23  designation of confidentiality at any time that is consistent with the Court's
24  Scheduling Order and any amendments thereto.

25  7.2  <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute
26  resolution process under Local Rule 37.1, et seq. Any discovery motion must strictly
27  comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

28  7.3  <u>Burden</u>.  The burden of persuasion in any such challenge

1 proceeding shall be on the Designating Party. Frivolous challenges, and those made
2 for an improper purpose (e.g., to harass or impose unnecessary expenses and
3 burdens on other Parties) may expose the Challenging Party to sanctions. Unless the
4 Designating Party has waived or withdrawn the confidentiality designation, all
5 Parties shall continue to afford the material in question the level of protection to
6 which it is entitled under the Producing Party's designation until the Court rules on
7 the challenge.

8    **8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

9        8.1    Basic Principles. A Receiving Party may use Protected Material
10 that is disclosed or produced by another Party or by a Non-Party in connection with
11 this Action only for prosecuting, defending, or attempting to settle this Action. Such
12 Protected Material may be disclosed only to the categories of persons and under the
13 conditions described in this Order. When the Action has been terminated, a
14 Receiving Party must comply with the provisions of section 14 below (FINAL
15 DISPOSITION).

16        Protected Material must be stored and maintained by a Receiving Party at a
17 location and in a secure manner that ensures that access is limited to the persons
18 authorized under this Order.

19        8.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless
20 otherwise ordered by the Court or permitted in writing by the Designating Party, a
21 Receiving Party may disclose any information or item designated
22 "CONFIDENTIAL" only to:

23        (a)    the Receiving Party's Outside Counsel of Record in this Action, as well
24 as employees of said Outside Counsel of Record to whom it is reasonably necessary
25 to disclose the information for this Action;

26        (b)    the officers, directors, and employees (including House Counsel) of the
27 Receiving Party to whom disclosure is reasonably necessary for this Action;

28        (c)    Experts (as defined in this Order) of the Receiving Party to whom

1  disclosure is reasonably necessary for this Action and who have signed the

2  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3     (d)   the Court and its personnel;

4     (e)   court reporters and their staff;

5     (f)   professional jury or trial consultants, mock jurors, and Professional

6  Vendors to whom disclosure is reasonably necessary for this Action and who have

7  signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

8     (g)   the author or recipient of a document containing the information or a

9  custodian or other person who otherwise possessed or knew the information;

10    (h)  during their depositions, witnesses and attorneys for witnesses in the

11 Action to whom disclosure is reasonably necessary provided: (1) the deposing party

12 requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

13 not be permitted to keep any confidential information unless they sign the

14 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

15 agreed by the Designating Party or ordered by the Court. Pages of transcribed

16 deposition testimony or exhibits to depositions that reveal Protected Material must

17 be separately bound by the court reporter and may not be disclosed to anyone except

18 as permitted under this Stipulated Protective Order; and

19    (i)  any mediator or settlement officer, and their supporting personnel,

20 mutually agreed upon by any of the Parties engaged in settlement discussions.

21    **9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

22 **PRODUCED IN OTHER LITIGATION**

23    If a Party is served with a subpoena or a court order issued in other litigation

24 that compels disclosure of any information or items designated in this Action as

25 "CONFIDENTIAL," that Party must:

26    (a)   promptly notify in writing the Designating Party. Such notification

27 shall include a copy of the subpoena or court order;

28    (b)   promptly notify in writing the party who caused the subpoena or order

1  to issue in the other litigation that some or all of the material covered by the
2  subpoena or order is subject to this Protective Order. Such notification shall include
3  a copy of this Stipulated Protective Order; and

4        (c)    cooperate with respect to all reasonable procedures sought to be
5  pursued by the Designating Party whose Protected Material may be affected.

6        If the Designating Party timely seeks a protective order, the Party served with
7  the subpoena or court order shall not produce any information designated in this
8  action as "CONFIDENTIAL" before a determination by the court from which the
9  subpoena or order issued, unless the Party has obtained the Designating Party's
10  permission. The Designating Party shall bear the burden and expense of seeking
11  protection in that court of its confidential material, and nothing in these provisions
12  should be construed as authorizing or encouraging a Receiving Party in this Action
13  to disobey a lawful directive from another court.

14  **10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
15  **PRODUCED IN THIS LITIGATION**

16        (a)    The terms of this Order are applicable to information produced by a
17  Non-Party in this action and designated as "CONFIDENTIAL." Such information
18  produced by Non-Parties in connection with this litigation is protected by the
19  remedies and relief provided by this Order. Nothing in these provisions should be
20  construed as prohibiting a Non-Party from seeking additional protections.

21        (b)    In the event that a Party is required, by a valid discovery request, to
22  produce a Non-Party's confidential information in its possession, and the Party is
23  subject to an agreement with the Non-Party not to produce the Non-Party's
24  confidential information, then the Party shall:

25        (1)    promptly notify in writing the Requesting Party and the Non-
26  Party that some or all of the information requested is subject to a confidentiality
27  agreement with a Non-Party;

28        (2)    promptly provide the Non-Party with a copy of the Stipulated

1  Protective Order in this Action, the relevant discovery request(s), and a reasonably
2  specific description of the information requested; and

3         (3)    make the information requested available for inspection by the
4  Non-Party, if requested.

5        (c)    If the Non-Party fails to seek a protective order from this Court within
6  14 days of receiving the notice and accompanying information, the Receiving Party
7  may produce the Non-Party's confidential information responsive to the discovery
8  request. If the Non-Party timely seeks a protective order, the Receiving Party shall
9  not produce any information in its possession or control that is subject to the
10  confidentiality agreement with the Non-Party before a determination by the Court.
11  Absent a court order to the contrary, the Non-Party shall bear the burden and
12  expense of seeking protection in this Court of its Protected Material.

13      **11.**   **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED</u>**
14  **<u>MATERIAL</u>**

15      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
16  Protected Material to any person or in any circumstance not authorized under this
17  Stipulated Protective Order, the Receiving Party must immediately (a) notify in
18  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
19  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
20  persons to whom unauthorized disclosures were made of all the terms of this Order,
21  and (d) request such person or persons to execute the "Acknowledgment and
22  Agreement to Be Bound" that is attached hereto as Exhibit A.

23      **12.**   **<u>INADVERTENT PRODUCTION OF PRIVILEGED OR</u>**
24  **<u>OTHERWISE PROTECTED MATERIAL</u>**

25      When a Producing Party gives notice to Receiving Parties that certain
26  inadvertently produced material is subject to a claim of privilege or other protection,
27  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
28  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

1   may be established in an e-discovery order that provides for production without
2   prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar
3   as the parties reach an agreement on the effect of disclosure of a communication or
4   information covered by the attorney-client privilege or work product protection, the
5   parties may incorporate their agreement in the stipulated protective order submitted
6   to the Court.

7   **13.   MISCELLANEOUS.**

8        13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right
9   of any person to seek its modification by the Court in the future.

10        13.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of
11   this Protective Order, no Party waives any right it otherwise would have to object to
12   disclosing or producing any information or item on any ground not addressed in this
13   Stipulated Protective Order. Similarly, no Party waives any right to object on any
14   ground to use in evidence of any of the material covered by this Protective Order.

15        13.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal
16   any Protected Material must comply with Civil Local Rule 79-5.  Protected Material
17   may only be filed under seal pursuant to a court order authorizing the sealing of the
18   specific Protected Material at issue; good cause must be shown in the request to file
19   under seal. If a Party's request to file Protected Material under seal is denied by the
20   Court, then the Receiving Party may file the information in the public record unless
21   otherwise instructed by the Court.

22   **14.   FINAL DISPOSITION.**

23        After the final disposition of this action, within 60 days of a written request
24   by the Designating Party, each Receiving Party must return all Protected Material to
25   the Producing Party or destroy such material. As used in this subdivision, "all
26   Protected Material" includes all copies, abstracts, compilations, summaries, and any
27   other format reproducing or capturing any of the Protected Material. Whether the
28   Protected Material is returned or destroyed, the Receiving Party must submit a

written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3

4   DATED: March __1__, 2017

5

6
                                    By: _____
7                                        Vicki I. Sarmiento
8                                        Attorneys for Plaintiffs

9
   DATED: March __1__, 2017
10

11

12
                                    By: _____
13                                       Dale K. Galipo
                                         Attorneys for Plaintiffs
14

15   DATED: March __1__, 2017

16

17

18                                  By: _____
19                                       Barry Hassenberg
                                         Attorneys for Defendants
20

21   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

22

23   DATED:  March _2_, 2017

24

25

26                                       _____
                                         Kenly Kiya Kato
27                                       United States Magistrate Judge

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of D.G.R., et al., v. County of San Bernardino, et al., USDC

Case no. 5:16-CV-01812-RGK-KK. I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____